IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DOUGLAS ANDREW MCCLELLAN                                              PLAINTIFF

v.                              No. 3:10-cv-84-DPM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                     DEFENDANT

ORDER

The Court has ruled on State Farm's motion for partial summary judgment, dismissing McClellan's outrage and bad-faith claims. The contract claim remains for the jury; and six evidentiary motions are ripe.

1. State Farm's third motion *in limine* and its motion to amend that motion, Document Nos. 40 & 48, are denied as moot in light of the Court's dismissal of the bad-faith claim. State Farm's first motion *in limine*, Document No. 33, is also denied as moot. The Court will follow the Federal Rules of Evidence and, of course, will not allow mention of various discovery disputes. Further, McClellan's only objection to this motion was related to the bad-faith claim. With that claim eliminated, this objection is also moot.

2. State Farm's motion to exclude the testimony of Beth Figueroa, *Document No. 30*, is granted in part and denied in part. Much of Figueroa's testimony is hearsay, double hearsay, or simply irrelevant. For example, Figueroa testifies extensively about things Tracy Haas said or things Figueroa's other customers said they heard Haas say. Unless McClellan can bring this testimony within an exception, these statements are inadmissible hearsay.

Figueroa does have some relevant testimony to offer. For example, she testified that the man in the surveillance video resembles a person with connections to Tracy Haas. This evidence is relevant to the theory that Haas, not McClellan, was responsible for the theft. Further, some of Figueroa's testimony about Haas might come in if Haas testifies and McClellan wishes to impeach her credibility through opinion or reputation evidence. FED. R. EVID. 608. This testimony must not, however, run afoul of the hearsay rules. With these guidelines in mind, the parties should confer and try to agree on which of Figueroa's various statements may be admitted. The Court will rule at the pretrial on any disputes that the parties cannot resolve between themselves.

3.  State Farm's second motion *in limine* asks the Court to exclude evidence about Tracy Haas's criminal record and legal history, evidence of disputes between Haas and McClellan's current girlfriend, and evidence that Haas was involved in repossessing a truck from McClellan in the past.  The motion, *Document No. 38*, is granted in part and denied in part.

If Haas testifies, and if she has any criminal convictions that meet the requirements of Rule 609, then those convictions are admissible to impeach her credibility.  The Court reminds the parties, however, that the Rule limits this evidence to convictions for particular crimes, not accusations, arrests, and the like.

The motion is granted as to disputes between Tracy Haas (McClellan's ex-girlfriend) and Justine Bone (McClellan's current girlfriend).  McClellan says that these disputes are relevant "to put together this crazy story and for an understanding of the dynamics of the person that the Defendant has aligned itself with." *Document No. 54, at 5*.  State Farm's alignment with Haas, however, was an argument that went to bad faith.  And rather than clarifying the story about the denied claim, evidence about these various disputes would distract and confuse the jury.  Finally, McClellan offers that the

"evidence is probative as to Tracy Haas'[s] whereabouts and knowledge of the disappearance of the truck." *Ibid.* But McClellan offers no example to support this statement; and the Court has been unable to find anything in the exhibits he offers indicating that arguments between Haas and Bone would show Haas's knowledge or whereabouts when the truck disappeared.

State Farm's request to exclude evidence that Haas was involved in repossessing a different truck from McClellan in the past is denied. This evidence is relevant: it supports McClellan's theory that Haas may have been involved in taking this truck. And any prejudice can be eliminated by State Farm examining Haas about the circumstances surrounding this lawful repossession.

**4.** McClellan's first motion *in limine* asks the Court to exclude evidence about the disappearance of a 2002 truck that is titled in McClellan's name and the related debt and deficiency remaining on that truck. This motion, *Document No. 42*, is denied without prejudice. The Court is still wrestling with Federal Rules of Evidence 403, 404(a) and 405(b) on this issue. McClellan's handling of 2002-truck issues do not seem to have been a basis for State Farm denying this claim. *Document No. 15-1.* State Farm must

establish some stronger link here or the Court will probably grant the motion: the jury should not decide this case simply based on a "he did it again" theory. The Court looks forward to further argument on this motion at the pretrial.

* * *

**5.** State Farm's first and third motions *in limine* and its motion to amend, *Document Nos. 40, 48, & 33*, are denied as moot. Its motion to exclude Beth Figueroa's testimony and its second motion *in limine*, *Document Nos. 30 & 38*, are granted in part and denied in part. And McClellan's first motion *in limine, Document No. 42*, is denied without prejudice.

The Court will hold a pretrial on 2 November 2011, at 3:00 p.m. in Little Rock. The parties should reflect on the Court's rulings on the merits and evidentiary issues and make a good-faith effort to sort out their various deposition designations and objections. The parties should file a joint status report listing remaining deposition disputes by 31 October 2011. If any disputes remain, the Court will rule on them at the pretrial. The parties should also be prepared to discuss exhibits, trial length, and general trial architecture at the hearing.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

<u>12 October 2011</u>